The State for the use of WILLIAM HERDMAN *vs.* GEORGE HOUSTON.

*Nul tiel record* is not a good plea in an action on the official bond of the prothonotary or other public officer, though such bond is directed to be recorded.
*Quere:* Whether *non est factum* can be pleaded to a public bond without affidavit denying the execution?
So much only of an instrument need be set out as entitles the plaintiff to his action; but he must set it out truly.

DEBT on bond.

This was an action on the official bond of the prothonotary of the late court of Common Pleas for Newcastle county. The declaration set out that a certain Joseph Roberts being the prothonotary, &c., executed, together with the said George Houston and a certain —— Price, his sureties, a joint and several bond to the state of Delaware in the penalty of $3,000: conditioned in substance that the said Joseph Roberts should well and diligently execute his office of prothonotary aforesaid, and duly and faithfully fulfil and perform all the trusts and duties to the said office appertaining; and then alledged a breach that a large sum of money to wit: the sum of $1,711, had been paid into court and delivered to the said prothonotary, under the rules and orders of the said court; and that the said court did on, &c., order and direct the said prothonotary to pay the said sum to the plff. which he neglected to do, &c. &c.

The defendant pleaded First. The act of limitations. Second. That the said sum of $1,711, was not paid into court and delivered to the said J. Roberts, prothonotary, &c., according to the rules and orders of the said court as set forth, &c. Third. That the said J. R. did well and diligently execute his office, &c. Fourth. Nul tiel record.

*Bayard* moved to strike out the plea of nul tiel record as inapplicable to the action.

*Rogers,* for defendant.

The suit is on the official bond of the prothonotary of the late court of Common Pleas, which bond is by law directed to be recorded. It is therefore a record and the plea of nul tiel record is applicable and proper.

*Bayard.*—The direction to record the bond is an incident to its validity and is a fact to be tried by the jury. A mortgage is by law

required to be recorded, yet this court in Gilpin's case decided that nul tiel record could not be pleaded to it. If you would deny the bond or mortgage, you must plead non est factum.

The court directed the plea of nul tiel record to be stricken out.

*Rogers* then moved for leave to amend by putting in the plea of non est factum, which was objected to unless the deft. would file an affidavit denying the execution of the bond.

A majority of the court allowed the plea to be put in with leave to the plff. to amend his narr if he thought fit, on the ground that the deft. had been deprived of a defence which he expected to avail himself of on his plea of nul tiel record. The Chief Justice thought that as this was a public bond, a party to it should not be permitted to plead non est factum without an affidavit denying its execution.

The plaintiff declined amending his narr.

Bond offered in evidence. Objected to for variance.

*Read, jr.*—There are many and material variances between the bond declared on and that now offered in evidence. The latter clause of the condition that the prothonotary shall truly and without delay deliver over to his successor the books, records, papers, &c., is entirely omitted from the narr. Where the action is on a written instrument the whole of it must be set out. If a material part be omitted it is fatal. This bond is under a statute and must therefore follow the statute strictly. *Digest* 456. Refers to *Randel vs. Wright* on the subject of variance, *ante* 34.

*The Court* stopt Mr. Bayard.

The plff. has declared on this bond according to its legal effect, and does not profess to set it out according to its tenor. He has set it out substantially. A party need not set out the whole of a contract, but only so much as he founds his action upon, and if that part be set out substantially when he professes to do no more, it is sufficient. If there be any thing omitted which controls, or qualifies or restrains the part declared on it will be fatal, for then the substance and legal effect of the contract will not have been expressed. The objection here is, not that the plff. has not truly set forth that part of the bond on which he alledges a breach, nor that the same is in any degree restrained or affected by the part omitted, but that he has omitted to state a further obligation of the deft. that the officer for whom he was surety, should deliver over to his successor the books and papers of his office. With this part of the bond the plff. in this action has nothing to do. He has set out truly so much of the bond as entitles him to his present action, and that is sufficient, where a party undertakes to set out an instrument by its tenor—*in hæc verba*—it becomes descriptive of the instrument itself, and any omission or a slight discrepancy, destroys the identity of the instruments pleaded and proved.

The plff. then made out his case by proof of the bond, the payment of money into court, and an order of court dated 11th December 1832, on the prothonotary, to pay the sum of $1,128 91 to the plff. Herdman.

*Read, jr.*—Remarks on the plea of the act of limitation. *Digest* 397. No action shall be brought upon the official obligation of any

prothonotary, &c., after the expiration of three years from the accruing of the cause of such action. When did this cause of action arise? The money was brought into court on the 16th December 1828, more than three years before the bringing of this suit.

*The Court* decided that the cause of action in this case did not accrue until the money was directed to be paid out to the plff. on the 11th December 1832.

Verdict for plaintiff for $1,194 34.

*J. A, Bayard,* for plaintiff.
*Read, jr.* and *Rogers,* for defendant.